PER CURIAM.
The appellant-defendant, Florida Trend, Inc., a Florida corporation, appealed from a final judgment by the Circuit Court of Polk County, Florida. The judgment appealed from held void a transfer of two promissory notes for $15,000 each from Space Land Co., Inc., to Florida Trend, Inc.
On August 7, 1967, the appellee-plaintiff, Leis Brothers Realtors, Inc., obtained a final judgment against Space Land Co., Inc., in the amount of $10,758.00 plus $20.00 court costs.
On November 27, 1967, an execution was issued which was returned unsatisfied. A deposition of the judgment debtor, Space Land Co., Inc., was taken which showed assets in the sum total of $1.00.
The ■ deposition further showed that on September 2, 1967, J. M. Chupp, President of Space Land Company, held in his possession two notes for $15,000 each, payable from Florida Trend, Inc. to Space Land Co., Inc. It was also shown on or about the same date that Space Land Co., Inc., transferred these notes back to Florida Trend, Inc., the appellant, for the cash consideration of $990.00.
The appellee, plaintiff below, in its complaint alleged the following transactions:
The appellee brought this suit in the nature of a creditors bill to set aside the transfer to defraud creditors. This appeal ensues from a final judgment in favor of the appellee.
*902 The complaint alleges that the plaintiff, Leis Brothers Realtors, Inc., was and is a licensed real estate agent and broker, licensed under the laws of Florida.
On August 7, 1967, a final judgment was entered for plaintiff, Leis Brothers Realtors, Inc., against judgment debtor, Space Land Co., Inc., in the Circuit Court of Polk County, in the amount of $10,758.00 together with costs of $20.00.
It is alleged that Space Land Co., Inc., currently possessed no assets. On September 2, 1967, the President of Space Land Co., Inc., J. M. Chupp, had in his possession two notes in the amount of $15,000, each payable from defendant, Florida Trend, Inc., to judgment debtor Space Land Co., Inc. The first of said notes was due and payable on or about January 8, 1967, but was not paid. The second of said notes was due and payable on or about January 8, 1968, and was not paid.
It is stated that the judgment debtor Space Land Company, did fraudulently convey said notes, totaling $30,000, to defendant Florida Trend, Inc., for the insufficient consideration of $990.00.
The complaint then alleged that the officers and directors of the judgment debtor Space Land Co., Inc., were: J. M. Chupp, President and Director and owner of over i/3 of the outstanding voting stock; John W. Baldwin, Vice-President and Director and owner of % of the outstanding voting stock; and George W. Martin, Secretary-Treasurer, Director and owner of less than Yz of the outstanding voting stock.
The complaint alleged that the officers and directors of defendant Florida Trend, Inc., were: Charles Chupp, Jr., Secretary-Treasurer, Director and owner of 50% of the outstanding voting stock; Frank Pro-thero, President, Director and owner of 49% of the outstanding voting stock; and Mrs. Frank Prothero, Vice-President, Director and owner of l'% of the outstanding voting stock.
The complaint further alleged that the relationship of the officers and directors of defendant Florida Trend, Inc., and J. M. Chupp, President-Director of the judgment debtor Space Land Co., Inc., was: Charles Chupp, Jr., Secretary-Treasurer, Director, is the son of J. M. Chupp; Frank Prothero, President, Director, is the brother-in-law of J. M. Chupp; and Mrs. Frank Prothero, Vice-President, Director, is the -sister-in-law of J. M. Chupp.
It further alleged that on December 9, 1965, Space Land Co., Inc., entered into an agreement to sell certain lands in Polk County to B & W Builders, Inc., at a price of $184,300.00. Plaintiff, Leis Brothers Realtors, Inc., was the real estate broker in this transaction and the brokerage was the amount it obtained judgment for against the Space Land Co., Inc.
On January 8, 1966, the complaint alleges Space Land Co., Inc., entered into ah agreement to sell the same lands, less a few lots previously sold, to Florida Trend, Inc., for the sum of $136,600.00. Said amount being payable by an assumption of a mortgage in the amount of $106,600 and delivery of two non-interest bearing notes in the amount of $15,000.00 each. No cash was paid down. The said two notes were the same notes mentioned above in the complaint.
On December 22, 1965 Space Land Co., Inc., deeded said property to Florida Trend, Inc.
The. complaint alleged that on September 2, 1967, judgment debtor Space Land Co., Inc., had a special meeting of its Board of Directors, attended by only two of its directors, namely J. M. Chupp, President, and John W. Baldwin, Vice-President; that it authorized release of the liability of defendant Florida Trend, Inc., on its two promissory notes in the total amount of $30,000 for the monetary consideration of $990. It further authorized surrender of said notes to defendant Florida Trend, Inc.
The complaint further alleged that the conveyance by judgment debtor Space Land *903 Co.', Inc., of $30,000 in notes receivable was the transfer of its entire assets, and was made with the specific intent to defraud the claim of judgment creditor-plaintiff Leis Brothers Realtors, Inc.
The complaint prayed that the conveyance of said notes by judgment debtor Space Land Co., Inc., be adjudged to be void and cancelled; that said notes be delivered up by the defendant to the court; that an accounting be taken of the amounts due the plaintiff for its judgment of $10,758.00, costs of the original action of $20.00 and interest to date and that all sums found to be due plaintiff be decreed to be a lien-in favor of plaintiff upon the above described notes receivable, prior and superior to all rights, claims, interests and liens of the defendant herein; that said notes receivable be sold at public sale, as provided by law; and that there be paid out of the proceeds of said sale the costs and expenses of this suit, the remainder be applied to the amount found to be due plaintiff.
The trial court directed the jury to return a verdict in favor of appellee granting the relief sought. In its final judgment the trial court stated:
“I. That the prayer of the Plaintiff to satisfy the transfer of the two promissory notes introduced in evidence as Plaintiff’s Exhibits H-l and H-2, be granted and such transfer is held and hereby declared to be void and ineffectual as against the Plaintiff creditor of the Space Land Company, Inc., a Florida corporation.
“II. That any subsequent action on said notes brought by Space Land Company, Inc., any assignee, or subsequent title holder shall be subject to any valid defense held by the Defendant, Florida Trend, Inc., against the original payee, Space Land Company, Inc., and notice thereof shall be endorsed upon said notes by the Clerk of this Court.
“DONE AND ORDERED In Chambers at Bartow, Polk County, Florida, this 20th day of March, 1968.
s/ William K. Love
WILLIAM K. LOVE,
CIRCUIT JUDGE.”
We have examined the pleadings, evidence and testimony in this case, studied the briefs and law involved herein, and find no reversible error of the circuit judge. We therefore conclude that the final judgment of the able trial judge should be affirmed.
Affirmed.
HOBSON, Acting C. J., and MANN, J., and ALLEN,-J., (Ret.), concur.